IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MIGUEL AGUIERRE, ) <br>     Petitioner, ) <br> ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN, Director, ) <br> Texas Department of Criminal ) <br> Justice, Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:07-CV-1839-K (BH) <br> ECF <br> Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow:

### I. BACKGROUND

**A. Nature of the Case:** This is a petition for habeas corpus relief filed by a state inmate pursuant to 28 U.S.C. § 2254.

**B. Parties**: Petitioner Miguel Aguierre is currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**C. Procedural Background:** Petitioner is in lawful custody pursuant to a judgment and sentence out of the 195th District Court of Dallas County, Texas. Petitioner was convicted of murder on January 22, 1991, and sentenced to life imprisonment.

**D. Substantive Claims:** Petitioner is challenging the denial of release on parole or mandatory supervision.

E.  **Evidentiary Hearing:**  Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

## II.  RELIEF UNDER § 2254

Petitioner alleges constitutional violations resulting from a denial of release on parole or mandatory supervision.

Section 2254(a) of Title 28 of the United States Code directs the courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state.  This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting Rule 4 Advisory committee Notes). "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'"  *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.1995)).

Prisoners in Texas possess no constitutionally protected right to release on parole.  *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).  There is no federal constitutional right to early release on parole.  *See Orellana*, 65 F.3d at 31; *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981).  Statutes or regulations that provide that a parole board may release a prisoner on parole do not give rise to a protected liberty interest.  *Bd. of Pardons v.*

*Allen*, 482 U.S. 369, 378 n.10 (1987). In addition, a prisoner has no federal constitutional right to release on mandatory supervision when one has received a life sentence. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (rejecting claim that prisoner serving life sentence has an expectancy of early release under Texas law). Prisoners "cannot show a liberty interest in an entitlement to mandatory supervision while serving life sentences." *Barnes v. Cockrell*, No. 3:01-CV-823-J, 2002 WL 1878548, at *2 (N.D. Tex. Aug. 12, 2002), *aff'd*, 66 Fed. Appx. 524 (5th Cir. 2003). Accordingly, there is no constitutional violation.

Petitioner also alleges that he was denied his right to equal protection under the law. Petitioner has not shown, or alleged, that the State denied him release on parole or mandatory supervision because of purposeful discrimination or any impermissible motive, such as race. He has alleged nothing to indicate that he has been treated differently from those situated similarly -- the crux of an equal protection claim. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997) ("[A] party who wishes to make out an Equal Protection claim must prove 'the existence of purposeful discrimination' motivating the state action which caused the complained-of injury.")

Petitioner also alleges that changes in the parole and mandatory supervision laws violated the Ex Post Facto Clause of the United States Constitution. "[T]he focus of the ex post facto inquiry is . . . on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *California Dep't of Corrections v. Morales*, 514 U.S. 499, 506 n.3 (1995). Procedural changes in parole laws, "even if they work to the disadvantage of a criminal defendant, do not violate the Ex Post Facto Clause." *Creel v. Kyle*, 42 F.3d 955, 957 (5th Cir. 1995); *Hallmark v. Johnson*, 118 F.3d 1073, 1077-78 (5th Cir. 1997).

"[B]ecause [a prisoner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d at 31. "[A]llegations that the Board considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation." *Johnson v. Rodriguez*, 110 F.3d at 308.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibit annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because petitioner asserts no constitutional violation, the Court should summarily dismiss this action under Rule 4.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the District Court summarily **DISMISS** petitioner's application for habeas corpus relief, brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 27th day of June, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE